IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARENDI S.A.R.L.,                          :
                                          :
                    Plaintiff,            :
                                          :      C.A. No. _____
        v.                                :
                                          :      **JURY TRIAL DEMANDED**
NOKIA CORPORATION, NOKIA INC.,            :
                                          :
                    Defendants.           :

## COMPLAINT

Plaintiff Arendi S.A.R.L. ("Arendi") for its Complaint against Defendants hereby demands a jury trial and alleges as follows:

### Related Actions

1.      This case is related to two cases previously consolidated before Judge Stark, 09-cv-00119 (D. Del.) (LPS) and 11-cv-00260 (D. Del.) (LPS), both of which settled after extensive dispositive motion practice. This case is also related to the other actions filed simultaneously by Arendi today, which involve the same patents-in-suit and common facts.

### The Parties and Accused Products

2.      Plaintiff Arendi is a corporation organized under the laws of Luxembourg with its principal place of business in Luxembourg.

3.      On information and belief, Defendant Nokia Corporation is a company organized under the laws of Finland, with its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo, Finland.

4.      On information and belief, Defendant Nokia Inc., which is a wholly owned subsidiary of Nokia Coporation, is a Delaware corporation with its principal place of business in

Sunnyvale, California. Nokia, Inc. has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process. Nokia Corporation and Nokia Inc. are collectively referred to herein as "Nokia."

5.    Nokia transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

6.    Nokia makes, uses, imports, offers to sell, and sells (and/or has made, used, imported, offered to sell, and sold) in the United States and in this judicial district, the Asha (Model Asha 305), the 700 (Model Nokia 700) and other mobile phones, smartphones, computers and tablet devices containing the same or similar information handling technology disclosed in the asserted patents described herein (collectively, the "Accused Products").

### Nature of the Action

7.    This is a civil action for infringement of United States Patents No. 7,917,843 (the "'843 Patent"), No. 7,496,854 (the "'854 Patent"), and No. 8,306,993 (the "'993 Patent"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### Jurisdiction and Venue

8.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.    Personal jurisdiction is proper in this district because, among other reasons, Nokia has a continuous presence in this District, Nokia committed acts of infringement in this District and a substantial part of the events or omissions giving rise to this claim occurred in this District. Nokia placed, and continues to place, Accused Products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used and sold in this District. This causes injury to Arendi in this District. On information and

2

belief, Defendants derive substantial revenue from the sale of Accused Products distributed within the District, and derive substantial revenue from interstate and international commerce.

10.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because Nokia committed acts of infringement in this district and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## The Patents-In-Suit

11.    United States Patent No. 7,917,843, entitled "Method, System and Computer Readable Medium for Addressing Handling from a Computer Program," was duly and legally issued on March 29, 2011, by the United States Patent and Trademark Office. A copy of the '843 Patent is attached hereto as Exhibit A.

12.    United States Patent No. 7,496,854, entitled "Method, System and Computer Readable Medium for Addressing Handling from a Computer Program," was duly and legally issued on February 24, 2009, by the United States Patent and Trademark Office. A copy of the '854 Patent is attached hereto as Exhibit B.

13.    United States Patent No. 8,306,993, entitled "Method, System and Computer Readable Medium for Addressing Handling from an Operating System," was duly and legally issued on November 6, 2012, by the United States Patent and Trademark Office. A copy of the '993 Patent is attached hereto as Exhibit C.

14.    Arendi is the exclusive owner of all rights, title, and interest in the '843 Patent, '854 Patent, and '993 Patent, including the right to bring this suit for injunctive relief and damages.

15.    The '843 Patent, '854 Patent, and '993 Patent are valid and enforceable.

3

## BACKGROUND

16.    Arendi filed suit in this District against Microsoft Corporation and Dell Inc. for infringement of the '854 Patent on February 24, 2009.  09-cv-00119 (D. Del.) (LPS).  The case was assigned to the Honorable Leonard P. Stark, who held two Markman Hearings, on February 25, 2011 and November 21, 2011, and denied several summary judgment motions.  The case was resolved by settlement and dismissed on November 29, 2011.

17.    Arendi filed suit in this District against Microsoft Corporation for infringement of the '843 Patent on March 29, 2011. 11-cv-00260 (D. Del.) (LPS).  The case was assigned to the Honorable Leonard P. Stark, who consolidated the 11-cv-260 case with the above-referenced case on May 10, 2011.  After Judge Stark held a Markman Hearing on November 21, 2011, this case was also resolved by settlement and dismissed on November 29, 2011.

## COUNT I

### (Infringement of United States Patent No. 7,917,843)

18.    The preceding paragraphs are incorporated by reference as if stated fully herein.

19.    Nokia has infringed and continues to infringe the '843 patent under 35 U.S.C. § 271, including but not limited to claims 1 and 23, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products, without authorization.  On information and belief, Nokia has also infringed and continues to infringe at least claims 2, 8, 13, 14, 15, 16, 17, 20, 21, 23, 24, 30, 35, 36, 37, 38, 39, 42, 43 of the '843 patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products, without authorization.

4

20.    Nokia's acts of infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Nokia's infringement of Arendi's exclusive rights under the '843 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

21.    In addition to the foregoing and/or in the alternative, third parties, including Nokia's customers, have infringed, and continue to infringe, one or more claims of the '843 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products.

22.    Nokia has had knowledge of and notice of the '843 patent and its infringement at least since the filing of this complaint.

23.    To the extent Nokia continues to sell or otherwise supply Accused Products after the filing of this complaint, Nokia is inducing infringement of one or more claims of the '843 patent under 35 U.S.C. § 271(b), including on information and belief at least the claims set forth above.  Nokia is actively, knowingly, and intentionally inducing infringement of the '843 patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States the Accused Products after the filing of this complaint; with the knowledge and specific intent that third parties, including its customers, will continue to – either alone or in combination with Nokia – practice the patented methods, and use, sell, offer for sale, and/or import the Accused Products supplied by Nokia to infringe the '843 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the Accused Products and/or the creation and dissemination of promotional and

marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the Accused Products and infringing uses thereof.

24.     Nokia's acts of induced infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Nokia's induced infringement of Arendi's exclusive rights under the '843 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

25.     In addition to the foregoing and/or in the alternative, at least since the filing of this complaint, Nokia has knowingly contributed to the infringement of one or more claims of the '843 patent under 35 U.S.C. § 271(c).

26.     To the extent Nokia continues to sell or otherwise supply Accused Products after the filing of this complaint, Nokia is contributing to the infringement of one or more claims of the '843 patent by third parties, under 35 U.S.C. § 271(c), including on information and belief at least the claims set forth above. Nokia is actively, knowingly, and intentionally contributing to the infringement of the '843 patent by selling, offering to sell and/or importing into the United States Accused Products after the filing of this complaint; with the knowledge that the Accused Products are especially designed or adapted to operate in a manner that infringes the '843 Patent; with the knowledge that third parties, including its customers, will continue to – either alone or in combination with Nokia – practice the patented methods; and with the knowledge that the infringing information handling technology in the Accused Products is not a staple article of commerce suitable for substantial noninfringing use.

27.     Nokia's acts of contributory infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants'

wrongful acts in an amount subject to proof at trial. Nokia's contributory infringement of Arendi's exclusive rights under the '843 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

## COUNT II

### (Infringement of United States Patent No. 7,496,854)

28.    The preceding paragraphs are incorporated by reference as if stated fully herein.

29.    Nokia has infringed and continues to infringe the '854 Patent under 35 U.S.C. § 271, including but not limited to claims 57, 73, and 79, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products, without authorization. On information and belief, Nokia has also infringed and continues to infringe at least claims 19, 20, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35, 60, 61, 62, 63, 64, 65, 72, 76, 77, 78, 82, 83, and 84 of the '854 patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products, without authorization

30.    Nokia's acts of infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Nokia's infringement of Arendi's exclusive rights under the '854 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

31.    In addition to the foregoing and/or in the alternative, third parties, including Nokia's customers, have infringed, and continue to infringe, one or more claims of the '854

7

patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products.

32.    Nokia has had knowledge of and notice of the '854 patent and its infringement at least since the filing of this complaint.

33.    To the extent Nokia continues to sell or otherwise supply Accused Products after the filing of this complaint, Nokia is inducing infringement of one or more claims of the '854 patent under 35 U.S.C. § 271, including on information and belief at least the claims set forth above. Nokia is actively, knowingly, and intentionally inducing infringement of the '854 patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States Accused Products after the filing of this complaint; with the knowledge and specific intent that third parties, including its customers, will continue to – either alone or in combination with Nokia – practice the patented methods, and use, sell, offer for sale, and/or import the Accused Products supplied by Nokia to infringe the '854 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the Accused Products and infringing uses thereof.

34.    Nokia's acts of infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Nokia's infringement of Arendi's exclusive rights under the '854 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

35.    In addition to the foregoing and/or in the alternative, at least since the filing of this complaint, Nokia has knowingly contributed to the infringement of one or more claims of the '854 patent under 35 U.S.C. § 271(c).

36.    To the extent Nokia continues to sell or otherwise supply Accused Products after the filing of this complaint, Nokia is contributing to the infringement of one or more claims of the '854 patent by third parties, under 35 U.S.C. § 271(c), including on information and belief at least the claims set forth above.  Nokia is actively, knowingly, and intentionally contributing to the infringement of the '854 patent by selling, offering to sell and/or importing into the United States Accused Products after the filing of this complaint; with the knowledge that the Accused Products are especially designed or adapted to operate in a manner that infringes the '854 Patent; with the knowledge that third parties, including its customers, will continue to – either alone or in combination with Nokia – practice the patented methods; and with the knowledge that the infringing information handling technology in the Accused Products is not a staple article of commerce suitable for substantial noninfringing use.

37.    Nokia's acts of infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Nokia's infringement of Arendi's exclusive rights under the '854 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

## COUNT III

### (Infringement of United States Patent No. 8,306,993)

38.    The preceding paragraphs are incorporated by reference as if stated fully herein.

39.    Nokia has infringed and continues to infringe the '993 Patent under 35 U.S.C. § 271, including but not limited to claims 1, 9 and 17, literally or under the doctrine of equivalents,

by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products, without authorization. On information and belief, Nokia has also infringed and continues to infringe at least claims 2, 4, 5, 6, 7, 8, 10, 12, 13, 14, 15, 16, 18, 20, 21, 24, 22, and 23 of the '993 patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products, without authorization.

40.     Nokia's acts of infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Nokia's infringement of Arendi's exclusive rights under the '993 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

41.     In addition to the foregoing and/or in the alternative, third parties, including Nokia's customers, have infringed, and continue to infringe, one or more claims of the '993 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products.

42.     Nokia has had knowledge of and notice of the '993 patent and its infringement at least since the filing of this complaint.

43.     To the extent Nokia continues to sell or otherwise supply Accused Products after the filing of this complaint, Nokia is inducing infringement of one or more claims of the '993 patent under 35 U.S.C. § 271, including on information and belief at least the claims set forth above. Nokia is actively, knowingly, and intentionally inducing infringement of the '993 patent by practicing the methods set forth therein and by selling, offering to sell and/or importing into the United States Accused Products after the filing of this complaint; with the knowledge and

specific intent that third parties, including its customers, will continue to – either alone or in combination with Nokia – practice the patented methods, and use, sell, offer for sale, and/or import the Accused Products supplied by Nokia to infringe the '993 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the Accused Products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the Accused Products and infringing uses thereof.

44.     Nokia's acts of infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Nokia's infringement of Arendi's exclusive rights under the '993 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

45.     In addition to the foregoing and/or in the alternative, at least since the filing of this complaint Nokia has knowingly contributed to the infringement of one or more claims of the '993 patent under 35 U.S.C. § 271(c).

46.     To the extent Nokia continues to sell or otherwise supply Accused Products after the filing of this complaint, Nokia is contributing to the infringement of one or more claims of the '993 patent by third parties, under 35 U.S.C. § 271(c), including on information and belief at least the claims set forth above. Nokia is actively, knowingly, and intentionally contributing to the infringement of the '993 patent by selling, offering to sell and/or importing into the United States Accused Products after the filing of this complaint; with the knowledge that the Accused Products are especially designed or adapted to operate in a manner that infringes the '993 Patent; with the knowledge that third parties, including its customers, will continue to – either alone or in combination with Nokia – practice the patented methods; and with the knowledge that the

11

infringing information handling technology in the Accused Products is not a staple article of commerce suitable for substantial noninfringing use.

47.    Nokia's acts of infringement have caused damage to Arendi and Arendi is entitled to recover from Nokia the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Nokia's infringement of Arendi's exclusive rights under the '993 patent have damaged, and continue to damage, Arendi, causing irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

## Prayer for Relief

**WHEREFORE**, Arendi prays for judgment as follows:

A.    Declaring that Nokia has infringed the '843, '854 and '993 Patents;

B.    Awarding the damages arising out of Nokia's infringement of the '843, '854, and '993 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, to Arendi, together with prejudgment and post-judgment interest, in an amount according to proof;

C.    Permanently enjoining Nokia, its officers, agents, and employees, and those persons in active concert or participation with any of them, and its successors and assigns, from infringement, inducement of infringement, and contributory infringement of the '843, '854 and '993 Patents, including but not limited to making, using, selling, and/or offering for sale within the United States, and/or importing in the United States, any devices, products, software, or methods that infringe the '843, '854 and '993 Patents before the expiration of these patents;

D.    Awarding attorney's fees to Arendi pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

E.    Awarding such other costs and further relief as the Court may deem just and proper.

## JURY DEMAND

Arendi hereby demands a trial by jury on all issues so triable.

PROCTOR HEYMAN LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (# 2721)
E-mail: nbelgam@proctorheyman.com
Melissa N. Donimirski (# 4701)
E-mail: mdonimirski@proctorheyman.com
Dawn Kurtz Crompton (# 5579)
E-mail: dcrompton@proctorheyman.com
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300

Attorneys for Plaintiff Arendi S.A.R.L.

OF COUNSEL:

SUSMAN GODFREY, L.L.P.
Stephen D. Susman
E-mail: ssusman@susmangodfrey.com
Seth D. Ard
E-mail: sard@susmangodfrey.com
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 336-8330

SUSMAN GODFREY, L.L.P.
Harry P. Susman
E-mail: hsusman@susmangodfrey.com
Lexie G. White
E-mail: lwhite@susmangodfrey.com
1000 Louisanna Street, Suite 5100
Houston, TX 77002
212-651-9366

Dated: November 29, 2012